DICKINSON v. KEMPNER et al.

(District Court, N. D.. Illinois, E. D. January 22, 1912.)

No. 30,515.

1. TRUSTS (§ 371*)—CONSTRUCTIVE TRUST—BILL.

In a suit for an accounting on the theory of an alleged constructive trust, the bill must allege facts constituting the trust relation; a mere reiteration of the existence of trust relations being of no weight in determining the actual relation of the parties.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 588–599; Dec. Dig. § 371.*]

2. TRUSTS (§ 371*)—CONSTRUCTIVE TRUST—ACCOUNTING—EQUITABLE RELIEF.

Where, in a suit in equity for an accounting against pledgees of certain bonds on the theory of a constructive trust, the bill alleged no reason why the bonds should be specifically preserved in the complaint, they being mere choses in action, capable of being fully compensated for in money, so that to all intents and purposes the proceeding had for its ultimate object the recovery of a money decree against the pledgees who were solvent, and the prayer for accounting called only for a disclosure of what the pledgees had done with relation to the bonds and the proceeds, and the bill did not seek to set aside any sale of the bonds by the pledgees, it did not state facts constituting a cause of action for equitable relief.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 588–599; Dec. Dig. § 371.*]

In Equity. Suit by Willis P. Dickinson against Isaac H. Kempner and others. On demurrer to bill. Sustained.

W. B. Wilson, for complainant.

Eugene E. Prussing, for defendants.

KOHLSAAT, Circuit Judge. From the bill filed herein it appears that complainant, being indebted to certain of the defendants upon the purchase price of the bonds hereinafter mentioned, in the sum of $331,025, together with one Franklin H. Head, executed a promissory note for said sum payable to their own order on or before 30 days after date and indorsed in blank, bearing interest at the rate of 6 per cent. after date, and delivered the same to certain of defendants on March 30, 1909. As security for the payment thereof, the maker deposited with said note 466 first-mortgage bonds of the Wichita Falls & Southern Railway Company of the face value of $1,000 each. By the terms of the collateral agreement, the legal owners of said bonds were authorized to sell at the maturity of the note or at any time thereafter, or before, in case of depreciation, any part or all of said bonds at public or private sale at their discretion without

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

advertising, and apply the proceeds on note and interest and expenses incurred in making sale, so far as the same might be adequate, leaving makers liable to pay any deficit and 7 per cent. interest thereon, the surplus, if any, to be applied upon any other indebtedness of the makers to the owners of the said note. Shortly thereafter certain of the defendants executed and delivered to the defendant the Continental & Commercial National Bank for approximately the same sum their note, and deposited as security therefor the note first above described, together with said bonds. The bill alleges that immediately after the execution of said note and the delivery of said bonds, by consent of all parties, sales were made of said bonds at prices upward of 90 per cent. and the proceeds credited on both of said notes; that thereby and by certain payments made by the makers of said note to said bank that note was fully paid up; that, notwithstanding the same, said bonds remained in the hands of said bank as agent of certain of the defendants; that from time to time said Isaac H. Kempner, acting for himself and his codefendants, received from the bank certain of said remaining bonds, which were sold and the proceeds delivered to and credited by said bank upon complainant's said note until same was reduced to about $200,000; that there still remained in the hands of said certain defendants a number of said bonds in excess of said balance remaining due on said note of complainant and Head; that on November 1, 1909, when the undisposed of bonds were of a value of more than $100,000 in excess of the balance due on said note, said defendants Kempner, Kell, and Kemp, with intent to defraud orator out of said bonds and the proceeds thereof, acting through said Isaac H. Kempner, assumed to sell said bonds and complainant's interest therein to himself or some one acting for him, or said other certain defendants, or said Elizabeth Kempner for said purpose; that Isaac H. Kempner gives out that said Elizabeth Kempner is now the owner thereof; that on said November 1, 1909, said Kempner caused a certain form of sale of said bonds to said Elizabeth to be gone through with; that same was made without notice to or consent of orator.

Orator avers that Isaac H. Kempner made the sale to himself, for himself, or as agent of Elizabeth, and that no consideration was given therefor, and that said sale is fraudulent as against orator; that such sale was made for a price of $125,000 less than the real value of said bonds, and with a view to appropriating said sum of $125,-000 by said certain defendants; that orator is informed and believes said sales of bonds realized enough to pay said note, which was marked paid and returned to said Head.

Orator claims that said Elizabeth received from time to time many bonds and the proceeds of other bonds from the bank through Isaac H. Kempner, who acted for her, the amount of which she has no means of knowing without a discovery; that said bonds were worth par and interest; and that, by the use of due diligence, that amount, less a reasonable commission, could have been realized.

Orator alleges that defendants hold the bonds not sold, if any, and the proceeds of those sold, but refuse to account or turn over the

same, but have appropriated the same to their own use, of all which things said bank had notice; that Isaac H. Kempner has turned over to said Elizabeth the proceeds of bonds sold as entitled thereto; that a trust relation existed by virtue of the foregoing circumstances between defendants and orator; that Isaac H. Kempner has continued to sell said bonds; that orator is ignorant of the amounts realized, or terms of sale, etc.; that he is ready to pay to the proper person the balance due on said note on an accounting, after being credited with what is due him upon the surrender of said bonds or the proceeds, or what by reasonable care could have been realized therefor; that a large portion of said bonds remains in the hands of said bank and said Elizabeth, the amount of which orator does not know.

The bill asks that an accounting be had as to what sums defendants have, or by the use of reasonable diligence might have received for bonds sold; what bonds remain, what interest has been collected, what should be credited on said note; that on payment of said balance orator may be permitted to redeem said bonds, and that the same be surrendered to him, together with the proceeds of those disposed of; that those proceeds be disclosed and held in trust for orator and turned over to him; that if it appears that the holders of said collateral note have received from the sale of said bonds, or from any source sufficient to pay said note, the excess and any unsold bonds be turned over to orator; that a receiver be appointed to hold any unsold bonds, collect interest, and principal thereof as it matures pendente lite, and for other relief, etc. The cause is now before the court on demurrer to the jurisdiction of a court of equity.

The allegation of the bill to the effect that concurrently with the execution of said note another agreement was made whereby the pledgees became trustees and took said bonds as such, or because otherwise invested or charged with any duty or liability except such as is expressed in said pledge contract, may not be deemed of weight here. The terms of the collateral note must be assumed to have expressed the contract of the parties in that respect. Moreover, nothing set out in the alleged verbal contract of trust which may not be held to be void as attempting to modify the written contract in any manner adds to or takes from the latter any of its obligations as creating a trust relation.

The only basis for the contention that a trust was created must be found, if at all, in the terms of the collateral note and the dealings of the parties in relation thereto. The question there is whether in the transactions of the parties as pledgor and pledgee under the circumstances of the case any ground for equitable jurisdiction exists.

[1] The mere reiteration of the bill charging trust relations is of no weight in arriving at the relation of the parties. Facts constituting such relation must appear in the bill. United States v. Bitter Root Co., 200 U. S. 451, 472, 26 Sup. Ct. 318, 50 L. Ed. 550.

[2] No reason is assigned why the bonds in question should be specifically preserved to complainant. For all that appears, they are mere choses in action, and may be fully compensated for in money. So that, to all intents and purposes, the proceeding has for its ultimate

object the recovery of a money decree against the pledgees who are solvent. The prayer for an accounting calls for a disclosure of what the pledgee has done with relation to the bonds and their proceeds. It is in no sense a mutual accounting. 1 Am. & Eng. Ency. Pl. & Pr. p. 94. Nothing is asked for in that regard which may not be ascertained through an action at law. Nothing is asked as between the pledgees. No reason is disclosed why complainant cannot have as full, plain, complete, and adequate a remedy at law as in equity under section 724, Revised Statutes (U. S. Comp. St. 1901, p. 583). Difficulty in procuring the accounting is no ground for jurisdiction in equity. Nor is difficulty in making proof. United States v. Bitter Root Company, supra. The discovery here sought is such as is commonly sought in all cases involving a series of transactions. In a suit at law properly instituted, the defendant will be required to bear the burden of disclosing and accounting for the bonds. In Lacombe v. Forstall's Sons, 123 U. S. 562, 570, 8 Sup. Ct. 247, 31 L. Ed. 255, the court denies jurisdiction in equity under circumstances closely resembling those here present.

The bill makes no prayer for the setting aside of any sale. The bonds were placed in defendants' hands for the purpose of enabling them to pass the title. But it is not conceived that the question of title to the bonds is of the essence of this proceeding, since no case showing peculiar value, other than a money value, exists. In cases involving stocks or other articles, such as chattels—things that may not be treated as so much money—a different rule obtains. With a few exceptions, the right to relief in equity has been based upon some such considerations. Here no reason is perceived why defendants should be deprived of their right to a trial by jury—a right which may not lightly be denied them.

The demurrer for want of jurisdiction in equity is sustained.